Robert J. PELLETIER,
Plaintiff–Appellee,

v.

FEDERAL HOME LOAN BANK OF SAN FRANCISCO; United States of America, Defendants,

John W. Behrens, Defendant–Appellant.

No. 94–56507.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 1997.*

Decided Dec. 3, 1997.

---

* The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Christine A. Murphy, Steefel, Levitt & Weiss, San Francisco, CA, for defendant-appellant.

Samuel T. Rees, Daar & Newman, Los Angeles, CA, for plaintiff-appellee.

Before: SCHROEDER and REINHARDT, Circuit Judges, and KING, District Judge.**

SCHROEDER, Circuit Judge:

This case is before us for a third time on an interlocutory basis in order to test the immunity of the defendant, John W. Behrens. The appeals have arisen out of plaintiff Robert J. Pelletier's claims that a letter Behrens wrote to Pelletier's employer in 1985 on behalf of the Federal Home Loan Bank Board (FHLBB), which allegedly resulted in Pelletier's termination, violated Pelletier's clearly established federal rights. Pelletier at the time was serving as president of Pioneer Bank. Pelletier had a contract with the bank providing that he could be dismissed only for cause, but the contract itself was subject to approval by FHLBB.

The factual background is fully set out in our first opinion, *Pelletier v. Federal Home Loan Bank*, 968 F.2d 865 (9th Cir.1992)(*Pel-*

letier *I* ), and the Supreme Court's opinion remanding the second interlocutory appeal to us for determination, *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (*Pelletier II* ). The first appeal was from a partial denial of Behrens's motion to dismiss on immunity grounds. We held that the allegations of continuing efforts to interfere with Pelletier's employment prospects in the banking industry were sufficient to survive the motion to dismiss. We did not have before us Pelletier's *Bivens* claim of denial of due process in connection with his alleged loss of a liberty or property interest in his employment with Pioneer. This was because the district court, improperly in our view, had dismissed that claim by applying too short a statute of limitations. We also held that Behrens was entitled only to one interlocutory appeal on immunity grounds. *See Pelletier I*, 968 F.2d at 871.

When the case went back to the district court, the district court reinstated the *Bivens* due process claim, and was then confronted with Behrens's motion for summary judgment seeking dismissal of that claim on several grounds, including qualified immunity. The district court summarily denied that motion, ruling that there were triable, material issues of fact, but without expressly discussing any immunity issues. When Behrens noticed a second interlocutory appeal from that ruling, the district court, in light of our "one appeal" ruling, certified the new appeal as frivolous. It retained jurisdiction of the other claims. *See Pelletier II*, 516 U.S. at ——, 116 S.Ct. at 838. Not unexpectedly, we dismissed the second appeal for lack of jurisdiction. At that point, Behrens enlisted the aid of the United States Supreme Court to overturn our "one appeal" ruling. This the Supreme Court promptly did. *See id.* at ——, 116 S.Ct. at 841.

The case is now back to us on remand from the Supreme Court. We must rule on the merits of Behrens's appeal from the district court's denial of his motion for summary judgment on grounds of qualified immunity in Pelletier's claim that Behrens deprived

** Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

him of a liberty or property interest in his Pioneer employment without due process of law.

Behrens's position is that Pelletier had no constitutionally protected liberty or property interest in employment with Pioneer because his employment contract was contingent upon regulatory approval by the FHLBB. The Fifth Circuit has held, in a similar context, that there is no liberty or property interest in such conditional employment. *See Connelly v. Comptroller of the Currency,* 876 F.2d 1209, 1213 (5th Cir.1989). Pelletier, however, maintains that we should hold that because his contract with the bank provided that he could not be terminated except for cause, it created a liberty or property interest and protected him from governmental interference without due process. *See, e.g., Merritt v. Mackey,* 827 F.2d 1368 (9th Cir.1987). He stresses that the United States Supreme Court since the early 1970's has recognized that employers' own policies or representations, in a contract or other document setting forth the terms of the employment, can create legitimate claims of entitlement to employment. *See Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972). The Supreme Court has also held that a bank officer with expectation of continued employment is entitled to due process before being terminated from a position. *FDIC v. Mallen,* 486 U.S. 230, 108 S.Ct. 1780, 100 L.Ed.2d 265 (1988). The Court held that a post-suspension hearing was adequate process for a bank officer whose employment the government sought to terminate pursuant to a statute authorizing suspension of officers who are under indictment. *See* 12 U.S.C. § 1818(g)(3).

The question before us is whether Behrens is entitled to qualified immunity in connection with Pelletier's claim that he was denied a liberty or property interest in employment without due process. The qualified immunity defense shields government agents' liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Pelletier II,* 516 U.S. at ——, 116 S.Ct. at 839 (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1978)). Although Behrens's alleged conduct may be disputed, the district court's determination of the existence of a material issue of fact is not a ruling for us to consider in this appeal. *See Johnson v. Jones,* 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) (defendant entitled to invoke a qualified immunity defense may not appeal interlocutory or trial order that there is a genuine issue of material fact for trial). Behrens may, however, appeal the district court's implicit legal determination that the right Behrens allegedly infringed was "clearly established." *See Pelletier II,* 516 U.S. at ——, 116 S.Ct. at 842 (*citing Mitchell v. Forsyth,* 472 U.S. 511, 530–35, 105 S.Ct. 2806, 2817–20, 86 L.Ed.2d 411 (1985); *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

What distinguishes this case from the cases upon which Pelletier relies is that under the conditions imposed by the agency, the bank was required to obtain approval of Pelletier's employment as bank president before his contract became fully effective. When we wrote our earlier opinion in this case, our court had not considered whether a contract that was conditioned upon regulatory approval could nevertheless create a liberty or property interest in continued employment. *See Pelletier I,* 968 F.2d at 871. We still have not done so. The Fifth Circuit in *Connelly* has held that no such interests are created, and there is still no directly contrary authority. While the authorities upon which Pelletier relies do clearly establish a liberty or property interest in continued employment under a contract that is fully in effect, they do not necessarily control the outcome of a case in which the contract is conditioned upon approval of a regulatory agency that declines to give it.

Pelletier points out that he held the position as president for approximately fourteen months before the Behrens letter and suggests that the length of his tenure gives rise to expectation of continued employment. While we have considerable doubt as to the correctness of this proposition, *see, e.g., Roth,*

408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; *Perry,* 408 U.S. 593, 92 S.Ct. 2694; *FDIC v. Henderson,* 940 F.2d 465, 475 (9th Cir.1991), it is in any event not clearly established.

Accordingly, we cannot find any basis for holding that Behrens's alleged conduct in writing the letter and bringing about Pelletier's termination of his position as president of Pioneer deprived Pelletier of any clearly established liberty or property interest.

The district court's order denying Behrens's motion for summary judgment on Pelletier's *Bivens* claim that Behrens violated due process when he caused Pelletier's termination from Pioneer is reversed. The district court on remand is instructed to grant Behrens partial summary judgment on that claim.

REVERSED and REMANDED.